IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN

| | | |
|---|---|---|
| WILLIE BATES, | ) | |
| | ) | |
| Plaintiff, | ) | 3:21-CV-00024-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN E. WETZEL, SECRETARY OF CORRECTIONS; BARRY SMITH, SUPERINTENDENT; AND LUCINDA GAILEY, MAIL INSPECTOR SUPERVISOR; | ) ) ) ) ) | |
| | ) | |
| Defendants, | ) | |

**<u>MEMORANDUM OPINION</u>**[1]

**Cynthia Reed Eddy, Chief United States Magistrate Judge.**

This prisoner civil rights action was initiated in this court on February 18, 2021, by *pro se* Plaintiff Willie Bates, who is incarcerated at SCI-Houtzdale.  In his complaint, Plaintiff has asserted various claims pursuant the "First, Sixth, Fourteenth Amendments – Access to Courts" against Defendants John Wetzel, Barry Smith, and Lucinda Gailey. *See* Compl. (ECF No. 6). This Court has subject matter jurisdiction over the controversy pursuant to 28 U.S.C. § 1331.

Presently before the Court is a motion by Defendant to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  (ECF Nos. 15, 16).  For the reasons that follow, Defendants' motion to dismiss is granted, and Plaintiff is permitted to file an amended complaint.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment.  (ECF Nos. 3, 11).

I.       BACKGROUND

Plaintiff is incarcerated at SCI-Houtzdale.  Defendant John Wetzel is the Secretary of Corrections, Defendant Barry Smith is the Superintendent at SCI-Houtzdale, and Defendant Lucinda Gailey is the Mail Inspector Supervisor. It appears that in 2019, some of Plaintiff's "legal mail was sent to the State of Florida." Compl. (ECF No. 6) at 5.  Plaintiff asserts that Defendant Gailey "failed to use her supervisory powers to insure [*sic*] that [Plaintiff] receive his legal mail." *Id*.  Plaintiff further asserts that Defendant Gailey "failed to properly supervise her staff to ensure that [Plaintiff's] transcripts were not sent to Florida under the 'privileged communication' (legal mail) exception to the unconstitutional mail policy." *Id*. It is Plaintiff's contention that Defendant Smith is Defendant Gailey's supervisor and that Defendant Wetzel is Defendant Smith's supervisor, and both failed to supervise adequately those who reported to them.

Thus, on February 26, 2021, Plaintiff filed the instant Complaint. (ECF No. 6).  On June 21, 2021, Defendants filed a motion to dismiss asserting that Plaintiff has failed to state cognizable claims as to all Defendants. (ECF No. 15). On August 30, 2021, Plaintiff filed a response, and this motion is now ripe for disposition. (ECF No. 20).

II.  STANDARD OF REVIEW

To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The reviewing court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).  Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where the factual allegations of the complaint conceivably fail to raise, directly or inferentially,

the material elements necessary to obtain relief under a legal theory of recovery. *Twombly*, 550 U.S. at 561.  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555).  The factual and legal elements of a claim should be separated, with the court accepting all well-pleaded facts as true and disregarding all legal conclusions. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130-31 (3d Cir. 2010).  Under this standard, civil complaints "must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  A court in making this determination must ask "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 583 (quoting *Scheuer v. Rhoads*, 416 U.S. 232, 236 (1974) (internal quotations omitted)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may take into consideration "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" as well as "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196 (3d Cir. 1993).

Furthermore, a *pro se* pleading is held to a less stringent standard than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  As such, a *pro se* complaint pursuant to 42 U.S.C. § 1983 must be construed liberally, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted).  In a Section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has

mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 2102 (10th Cir. 1996).

Furthermore, "when a complaint is subject to dismissal under Rule 12(b)(6), the court should permit a curative amendment." *Thompson v. Police Dep't of Philadelphia*, 2011 WL 4835831, at *2 (E.D. Pa. Oct. 12, 2011). "However, we need not provide a plaintiff with leave to amend if amendment would be inequitable or futile." *Id*. "Where a claim is frivolous, amendment is necessarily futile and, thus, leave to amend is not warranted. A claim is frivolous when it lacks an arguable basis in either law or in fact." *Id*. (internal citation and quotation marks omitted).

## III. ANALYSIS

In their motion to dismiss, Defendants point out that "Plaintiff only pleads legal conclusions." Defs.' Br. (ECF No. 16) at 3.  According to Defendants, "[h]is allegations consist only of conclusory statements that Defendants violated his rights, and failed to supervise; but, nowhere in his pleading does he suggest how, when, or by what specific actions Defendants violated his rights." *Id*.  Thus, Defendants request this Court dismiss Plaintiff's complaint with prejudice.[2]

A review of the Complaint reveals that Defendants' description is accurate.  Plaintiff has failed to plead the allegations in the Complaint in conformance with Federal Rule of Civil Procedure 8(a).  However, rather than dismissing Plaintiff's case with prejudice, this Court will permit Plaintiff the opportunity to file an Amended Complaint. *See Graham v. Jersey City P.D.*,

---

[2] Defendants also assert several other bases for relief; however, in light of our conclusion, as discussed, infra, this Court will not address those at this time.

2012 WL 13211025, at *3 (D.N.J. 2012) ("[A] court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility.").

Plaintiff's amended complaint must identify all factual allegations, all defendants, and all causes of action. He must specifically indicate which cause of action he intends to assert against each defendant. The amended complaint must include the dates on which the conduct of each defendant allegedly took place. Plaintiff must provide specific details of precisely how his civil rights were allegedly violated. He should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under Section 1983. Plaintiff should clearly describe how each named defendant is involved in the alleged constitutional violation(s). Plaintiff should not include legal argument in his amended complaint. Citations to case law and other statutes are not appropriate in the complaint, but rather may be included in a response to a dispositive motion or at the time of trial. However, Plaintiff should be specific about the particulars of the event, each defendant's misconduct, and how such misconduct resulted in a violation or denial of the civil right at issue.

Where the amended complaint includes more than one incident, Plaintiff should clearly distinguish between them by preparing a separate description – usually a paragraph – for each incident. Each incident should be identified as a separate count, and each count must include appropriate facts and evidence in support of the claims made in the count. Each incident must be clearly and specifically described; it should include the relevant time, date. and location. Each incident description also should clearly identify the relevant defendant and what that defendant's role was in the incident. Additionally, the amended complaint should set forth factual allegations that, taken together, satisfy the elements of the cause of action.

The amended complaint must be one stand-alone document that does not reference any other document filed in this case and must be submitted on the approved form which was previously sent to Plaintiff.  Plaintiff's failure to submit an amended complaint that is simple, concise and direct will be considered a failure to comply with an Order of Court and with the Federal Rules of Civil Procedure and will result in the dismissal of his amended complaint with prejudice.

Plaintiff is cautioned that the opportunity to file an amended complaint is not an invitation to enlarge his lawsuit and he may not include new allegations not related to the allegations contained in his original complaint or add new defendants not related to the allegations in his original complaint.  Inclusion of new allegations and claims unrelated to those set forth in the original complaint will be considered a failure to comply with an Order of Court and will result in the dismissal of the amended complaint with prejudice.

## IV. CONCLUSION

For all the foregoing reasons, this Court grants Defendants' motion to dismiss, and Plaintiff is granted leave to file an Amended Complaint within 30 days of the filing of this Memorandum Opinion.[3]  Plaintiff is cautioned that failure to file this Amended Complaint in a timely fashion will result in the dismissal of this case with prejudice.


Dated: March 29, 2022.

s/Cynthia Reed Eddy
Cynthia Reed Eddy
Chief United States Magistrate Judge


cc:     WILLIE BATES

---

[3] Defendants are permitted to re-raise their other grounds for dismissal should they choose to file a motion to dismiss Plaintiff's Amended Complaint.

MV-7798
SCI Houtzdale-Legal Mail
P.O. Box 1000
209 Institutional Drive
Houtzdale, PA 16698-1000

Counsel of record
(via ECF electronic notification)