IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHNSTOWN

| | |
|---|---|
| WILLIE BATES, | ) |
| | ) |
| Plaintiff, | ) 3:21-CV-00024-CRE |
| | ) |
| vs. | ) |
| | ) |
| JOHN E. WETZEL, SECRETARY OF CORRECTIONS; BARRY SMITH, SUPERINTENDENT; AND LUCINDA GAILEY, MAIL INSPECTOR SUPERVISOR; | ) |
| | ) |
| Defendants, | ) |

### MEMORANDUM OPINION[1]

Cynthia Reed Eddy, Chief United States Magistrate Judge.

This civil action was initiated in this court on February 18, 2021, by *pro se* Plaintiff Willie Bates. (ECF No. 1). In the Amended Complaint, Plaintiff asserts causes of action pursuant to the First and Fourteenth Amendments against Defendants John E. Wetzel, Secretary of Corrections; Barry Smith, Superintendent of SCI-Houtzdale; and Lucinda Gailey, Mail Inspector Supervisor. *See* Amend. Compl. (ECF No. 23). This court has subject matter jurisdiction over the controversy pursuant to 28 U.S.C. § 1331.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment.  (ECF Nos. 3, 11).

Presently before the court is a motion by Defendants to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 24). For the reasons that follow, Defendants' motion is granted.

## I.   BACKGROUND

In state court in 2017, Plaintiff entered into a negotiated guilty plea, where he pleaded guilty to one count of third-degree murder, two firearms violations, and one count of possession of an instrument of crime, in exchange for a recommended sentence of 26-55 years of incarceration. *See Commonwealth v. Bates*, 2019 WL 3021144, at *1 (Pa. Super. 2019). On February 14, 2017, the trial court accepted the negotiated guilty plea and sentenced Plaintiff to the recommended sentence. Plaintiff was incarcerated at SCI-Houtzdale.

On October 23, 2017, Plaintiff *pro se* timely filed his first petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Counsel was appointed, and counsel filed a petition to withdraw and no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The trial court dismissed Plaintiff's PCRA petition and granted counsel's petition to withdraw.

Plaintiff filed a notice of appeal to the Pennsylvania Superior Court. In that appeal, Plaintiff contended that trial counsel was ineffective for failing to assert that the bills of information filed against Plaintiff for these criminal charges were deficient, which deprived the court of jurisdiction. In a Memorandum Opinion, the Superior Court concluded that "the Commonwealth fully complied with Pa.R.Crim.P. 560, which provided the required contents of an information in order to be 'valid and sufficient in law.'" *Bates*, 2019 WL 3021144, at *4-5. Thus, the Superior Court held that trial counsel could not be ineffective for failing to challenge

these bills of information. *Id*. Plaintiff did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

Meanwhile, on February 18, 2021, Plaintiff filed the instant matter in this Court contending that due to issues with mail at SCI-Houtzdale, his ability to litigate the aforementioned appeal was hampered. Specifically, he asserts that on April 4, 2019, he sent money and paid for the transcripts from the plea hearing. Amend. Compl. (ECF No. 23) at ¶ 6. Plaintiff asserts he then learned that the transcripts were sent directly to SCI-Houtzdale, which then sent the records to a processing center in Florida, which then sent the records back to the trial court "with instructions that all non-privileged correspondence must be sent directly to the Processing Center." *Id*. The trial court then sent the transcripts to the Processing Center, but records again were returned to the trial court. Plaintiff filed a grievance on June 5, 2019.

Plaintiff initiated the instant civil action on February 18, 2021, by filing a motion for leave to proceed *in forma pauperis*. (ECF No. 1). This Court granted that motion, and Plaintiff filed the Complaint on February 26, 2021. (ECF No. 6). After Defendants were served, they filed a motion to dismiss the Complaint for failure to state a claim. (ECF No. 15). On March 29, 2022, this Court granted Defendants' motion and permitted Plaintiff to file an Amended Complaint. (ECF No. 21). Plaintiff filed the Amended Complaint on May 2, 2022, where he contends that the policies in place for prisoner mail violated his First Amendment right to access the courts. In addition, Plaintiff contends that these policies also violated the Fourteenth Amendment Due Process clause. Defendants have filed a motion to dismiss the Amended Complaint, and brief in support thereof, for failure to state a claim. (ECF Nos. 24, 25). Plaintiff filed a response in opposition (ECF No. 27), and this matter is now ripe for disposition.

II.     **STANDARD OF REVIEW**

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need to allege detailed factual allegations to survive a Rule 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and be "sufficient to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555. Facial plausibility exists "when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. [] Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *Id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

Furthermore, a *pro se* pleading is held to a less stringent standard than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). As such, a *pro se* complaint pursuant to 42 U.S.C. § 1983 must be construed liberally, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 2102 (10th Cir. 1996).

Finally, "when a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Third Circuit has a liberal policy favoring amendments." *Ricoh USA, Inc. v. Bailon*, 419 F. Supp. 3d 871, 875 (E.D. Pa. 2019). "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust. Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (internal citations omitted).

## III. DISCUSSION

As discussed *supra*, because Plaintiff is proceeding *pro se*, this Court will view the facts, complaints, and briefs as expansively as possible in assessing the claims presented by Plaintiff against Defendants. In considering these claims, this Court recognizes that "[a] plaintiff raising a claim under Section 1983 must allege a violation of a right secured by the Constitution or the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Wilkins v. Berks Cty. Jail Sys.*, 2017 WL 2591943, at *4 (E.D. Pa. 2017).

### A. First Amendment Access-to-Courts Claim

Defendants contend that Plaintiff has failed to state First Amendment Access-to-Courts claim because Plaintiff has failed to plead why his claim was meritorious. Defs.' Br. (ECF No. 25) at 7.

> The Constitution guarantees inmates a right of access to the courts. The Supreme Court has repeatedly recognized that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law. This right is not, however, unlimited.
>
> Inmates may only proceed on access-to-court claims with respect to (1) challenges to their sentences (direct or collateral), (2) conditions-of-confinement cases, and (3) pending criminal charges.

*Duran v. Merline*, 923 F. Supp. 2d 702, 722-23 (D.N.J. 2013) (internal citations and quotation marks omitted).

"In *Christopher v. Harbury*, 536 U.S. 403 (2002), the Supreme Court set forth specific criteria that a court must consider in determining whether a plaintiff has alleged a viable claim of right to access to the courts." *Hall v. Lidwell*, 2019 WL 4573291, at *6 (M.D. Pa. Sept. 20, 2019). "Specifically, the Supreme Court held that, in order to state a claim for denial of access to courts, a party must identify all of the following in the complaint: 1) a non-frivolous, underlying claim[;] 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." *Id*.

Instantly, Plaintiff's claim involves his ability to litigate his collateral challenge to his sentence. However, Plaintiff does not assert how his having the transcripts would have led to a meritorious claim or changed the result at the PCRA court. The PCRA court concluded that Plaintiff's claim that the bills of information were deficient, and that counsel was ineffective for failing to raise this issue, lacked merit. Thus, Plaintiff is not able to assert that he was deprived of litigating a meritorious claim, and therefore Plaintiff has not asserted a First Amendment access-to-courts claim. Accordingly, Defendants' motion to dismiss this claim is granted, and Plaintiff's claim is dismissed with prejudice.[2]

    B. *Fourteenth Amendment Claim*

Defendants also assert that Plaintiff's Fourteenth Amendment claim should be dismissed because "a single interference with the delivery of an inmate's mail does not rise to the level of a constitutional deprivation." Defs.' Br. (ECF No. 25) at 8. It is Plaintiff's position that "numerous

---

[2] Because Plaintiff did not file a petition for allowance of appeal to the Pennsylvania Supreme Court, the decision by the PCRA court is a final decision. Thus, further amending the instant pleading would be futile.

attempts were made by the Court Reporter's Office to deliver said mail." Pl.'s Br. (ECF No. 27) at 5.

Assuming *arguendo* that there were many interferences with Plaintiff's mail, as Plaintiff alleges, it is well settled that "[n]either the negligent nor the unauthorized deprivation of property by a state employee rises to a due process violation if state law provides an adequate post-deprivation remedy." *Liptok v. Mason*, 2022 WL 214341, at *3 (M.D. Pa. Jan. 24, 2022). "The Third Circuit Court of Appeals has held that the DOC's prison grievance system provides an adequate post-deprivation remedy to satisfy due process." *Id*.

Instantly, Plaintiff acknowledges that he filed a grievance regarding his mail. Amend. Comp. (ECF No. 23) at 6. Accordingly, Plaintiff has not set forth a Fourteenth Amendment Due Process claim, and this claim is dismissed with prejudice.

IV. **CONCLUSION**

Based on the foregoing, Defendants' motion to dismiss is granted, and Plaintiff's Amended Complaint is dismissed with prejudice. An appropriate Order follows.

Dated: August 18, 2022 .    BY THE COURT:

s/ Cynthia Reed Eddy

Chief United States Magistrate Judge


cc:   WILLIE BATES
      MV-7798
      SCI Houtzdale-Legal Mail
      P.O. Box 1000
      209 Institutional Drive
      Houtzdale, PA 16698-1000

      *via U.S. Mail*

Counsel of record

*via electronic filing*